Marcia SCHULMAN, Plaintiff,

v.

UNITED STATES of America, Defendant.

No. 82 Civ. 3747 (RWS).

United States District Court, S.D. New York.

Nov. 9, 1982.

Allan Lituchy, New York City, for plaintiff.

John S. Martin, Jr., U.S. Atty., S.D.N.Y., New York City, for defendant; Leona Sharpe, Asst. U.S. Atty., New York City, of counsel.

## OPINION

SWEET, District Judge.

Plaintiff Marcia Schulman instituted this suit seeking a refund of federal income tax payments. The Government has moved for summary judgment pursuant to Rule 56 of the Fed.R.Civ.P. For the reasons set forth below the motion is granted.

On or about June 15, 1967 Marcia Schulman and her husband filed a joint Federal Income Tax Return for the tax year 1966. This return showed a joint tax liability of $1,669.55 which was paid in full by the taxpayers. On January 11, 1973 the Internal Revenue Service issued to the Schulmans a Notice of Deficiency concerning their federal income tax liabilities for 1966. On April 4, 1973 the Schulmans commenced an action in the United States Tax Court challenging the Notice of Deficiency. By judgment entered June 29, 1977, pursuant to an agreement by the parties, the Tax Court determined that the Schulmans were liable for the tax year 1966 in the amount of $2,630.23.

Subsequently, the Secretary of Treasury made an assessment of $4,812.78 against the Schulmans for additional tax and interest based on the Tax Court judgment, with additions and interest continuing to accrue thereafter. That assessment was paid by Marcia Schulman in 1979. On January 29, 1980 Mrs. Schulman filed a timely claim for a refund with the Commissioner of the I.R.S. claiming a refund of the $4,812.72 deficiency payment. The basis for her claim was that her husband had allegedly omitted a portion of his gross personal income from their joint tax return for the tax year 1966 and that as an "innocent spouse" under I.R.C. § 6013(e)[1] she was relieved of joint tax liability for the deficiency. On January 21, 1981 the claim was denied.[2] On

---

1. Section 6013(e) provides in relevant part:
   (e) SPOUSE RELIEVED OF LIABILITY IN CERTAIN CASES.—
   (1) IN GENERAL.—Under regulations prescribed by the Secretary, if—
   (A) a joint return has been made under this section for a taxable year and on such return there was omitted from gross income an amount properly includable therein which is attributable to one spouse and which is in excess of 25 percent of the amount of gross income stated in the return,
   (B) the other spouse establishes that in signing the return he or she did not know of, and had no reason to know of, such omission, and
   (C) taking into account whether or not the other spouse significantly benefited directly or indirectly from the items omitted from gross income and taking into account all other facts and circumstances, it is inequitable to hold the other spouse liable for the deficiency in tax for such taxable year attributable to such omission,
   then the other spouse shall be relieved of liability for tax (including interest, penalties, and other amounts) for such taxable year to the extent that such liability is attributable to such omission from gross income.

2. The basis for the denial was I.R.C. § 6512(a) which reads as follows:
   § 6512. LIMITATIONS IN CASE OF PETITION TO TAX COURT
   (a) EFFECT OF PETITION TO TAX COURT. —If the Secretary has mailed to the taxpayer a notice of deficiency under section 6212(a) (relating to deficiencies of income, estate, gift, and certain excise taxes) and if the taxpayer files a petition with the Tax Court within the time prescribed in section 6213(a), no credit or refund of income tax for the same taxable year, of gift tax for the same calendar year or calendar quarter, of estate tax in respect of the taxable estate of the same decedent, of tax imposed by chapter 41, 42, 43, or 44 with respect to any act (or failure to act) to which such petition relates, or of tax imposed by chapter 45 for the same taxable period, in respect of which the Secretary has determined the deficiency shall be allowed or made and no suit by the taxpayer for the recovery of any part of the tax shall be instituted in any court except—
   (1) As to overpayments determined by a decision of the Tax Court which has become final; and

June 8, 1982 Mrs. Schulman commenced this action seeking a refund of the deficiency payment for 1966, plus interest and costs.

The Government opposes this suit asserting that Mrs. Schulman's tax liability was finally determined in 1977 by the Tax Court decision to which she was a party. The Government argues that under I.R.C. § 6512(a)[3] this court lacks jurisdiction to reach the merits of this case, and that in any event, principles of res judicata bar consideration of this matter. Mrs. Schulman submits that the Tax Court determination does not bar the instant action because she is not contesting its assessment of the deficiency but rather is challenging her personal liability for the deficiency in light of the "innocent spouse" provision, I.R.C. § 6013(e). That provision was enacted to mitigate the harshness of joint and several liability for joint tax returns in cases where persons are unaware of their spouses' unreported income and have not received a benefit from such income.

■ The facts in this case are practically on all fours with those in *Stetson v. United States,* 77–2 U.S.T.C. ¶ 9663 (W.D.N.Y. 1977). In *Stetson,* the Honorable John T. Curtin declined to grant the relief that Mrs. Schulman seeks here. Although he concluded that under I.R.C. § 6512(a) the court had no jurisdiction to consider the matter, ¶ 9663 at 88,237, Judge Curtin went on to provide a full examination of the res judicata issue, i.e. whether a final Tax Court judgment concerning a closed tax year bars subsequent relief under I.R.C. § 6013(e). Congress in section 2114 of the Tax Reform Act of 1976[4] considered this issue and chose to limit retroactive relief to adjudicated cases under section 6013(e) to those tax years within ten years prior to the enactment of section 6013(e) in 1971. Section 2114 granted relief under the "innocent spouse" provision "to certain taxpayers, who but for the res judicata effect of adverse judicial decisions prior to the provision's enactment, would have been relieved of liability for unreported income."[5] This limited retroactive relief was available only during the calendar year following the enactment of the Tax Reform Act of 1976.[6]

The result here is harsh indeed. Yet as Judge Curtin observed, "The relief [provided by section 6013(e)] was a matter of legislative grace which did not exist until, and only to the extent that, Congress created it by legislation.... Congress chose to

(2) As to any amount collected in excess of an amount computed in accordance with the decision of the Tax Court which has become final; and

(3) As to any amount collected after the period of limitation upon the making of levy or beginning a proceeding in court for collection has expired; but in any such claim for credit or refund or in any such suit for refund the decision of the Tax Court which has become final, as to whether such period has expired before the notice of deficiency was mailed, shall be conclusive.

3. See note 2, *supra.*

4. Section 2114 of the Tax Reform Act of 1976, Pub.L. No. 94–455, reads as follows:
SEC. 2114. APPLICATION OF SECTION 6013(e) OF THE INTERNAL REVENUE CODE OF 1954.
(a) IN GENERAL.—Section 3 of the Act of January 12, 1971, Public Law 91–679 (84 Stat. 2064), is amended by adding at the end thereof the following new sentences: "Upon application by a taxpayer, the Secretary of the Treasury shall redetermine the liability for tax (including interest, penalties, and other amounts) of such taxpayer for taxable

years beginning after December 31, 1961, and ending before January 13, 1971. The preceding sentence shall apply solely to a taxpayer to whom the application of the provisions of section 6013(e) of the Internal Revenue Code of 1954, as added by this Act, for such taxable years is prevented by the operation of res judicata, and such redetermination shall be made without regard to such rule of law. Any overpayment of tax by such taxpayer for such taxable years resulting from the redetermination made under this Act shall be refunded to such taxpayer."
(b) EFFECTIVE DATE.—The application permitted under the amendment made by subsection (a) of this section must be filed with the Secretary of the Treasury during the first calendar year beginning after the date of the enactment of this Act.

5. Senate Committee on Finance, 94th Cong., 2d Sess., Report on The Tax Reform Act of 1976, at 423.

6. See section 2114(b) of the Tax Reform Act of 1976 in note 4, *supra.*

make the relief partially retroactive, as evidenced by the bill's legislative history." ¶ 9663 at 88,238. Congress has spoken on res judicata and section 6013(e), and it is not for this court to deviate from that congressional mandate.

Thus, I agree with Judge Curtin's decision in *Stetson* that even if the court had jurisdiction to reach the merits of this case, res judicata would bar its consideration. The Government's motion for summary judgment is therefore granted and the Clerk is directed to enter judgment dismissing Mrs. Schulman's complaint.

IT IS SO ORDERED.