ARLEN R. THOMPSON AND PATRICIA R. THOMPSON, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Thompson v. Commissioner
Docket No. 514-85.
United States Tax Court
T.C. Memo 1992-248; 1992 Tax Ct. Memo LEXIS 258; 63 T.C.M. (CCH) 2883; April 28, 1992, Filed *258 An appropriate order will be issued. Thomas E. Redding, for petitioners. Nancy W. Hale, for respondent. POWELL
POWELL
MEMORANDUM OPINION POWELL, Special Trial Judge: This matter is before the Court on respondent's Motion for Entry of Decision based on a settlement agreement and petitioners' Motion for Leave to Amend Petition and Proposed First Amendment. [1] Petitioners oppose respondent's motion to the extent that it precludes petitioner Patricia R. Thompson from raising the issue whether she is entitled to relief as a so-called innocent spouse in this proceeding. To that end, petitioners seek to amend their petition. Respondent takes the position that, if we grant petitioners' motion, there is no basis for a settlement and we should deny the Motion for Entry of Decision. For the reasons set forth below, we hold that Mrs. Thompson is entitled to amend the petition to raise the innocent spouse issue, whether there was a settlement or not. *259 On October 23, 1984, respondent determined a deficiency in petitioners' Federal income tax for the 1981 taxable year, and petitioners filed a timely petition with the Court. Respondent asserts that the case was settled after extensive negotiations with petitioners' attorneys, and we assume without deciding that this is the case. The parties agree that the settlement contains no reference to and does not preserve the issue whether Mrs. Thompson is entitled to innocent spouse relief. After the case was settled, petitioners divorced, and Mrs. Thompson discovered that she may be eligible for statutory relief as an innocent spouse pursuant to section 6004 of the Technical and Miscellaneous Revenue Act of 1988 (TAMRA), Pub. L. 100-647, 102 Stat. 3685-86, 1988-3 C.B. 345. To that end, petitioners have proffered facts in the proposed amended petition that, if proved, would satisfy the requirements contained in subparagraphs (A) through (E) of section 6004. The dispute focuses on section 6004 of TAMRA. That section, entitled Treatment Of Certain Innocent Spouses, provides: Subsection (c) of section 424 of the Tax Reform Act of 1984 (relating to innocent spouse *260 relieved of liability in certain cases) is amended by adding at the end thereof the following new paragraph: "(3) TRANSITIONAL RULE. -- If -- "(A) a joint return under section 6013 of the Internal Revenue Code of 1954 was filed before January 1, 1985, "(B) on such return there is an understatement (as defined in section 6661(b)(2)(A) of such Code) which is attributable to disallowed deductions attributable to activities of one spouse, "(C) the amount of such disallowed deductions exceeds the taxable income shown on such return, "(D) without regard to any determination before October 21, 1988, the other spouse establishes that in signing the return he or she did not know, and had no reason to know, that there was such an understatement, and "(E) the marriage between such spouses terminated and immediately after such termination the net worth of the other spouse was less than $ 10,000,
notwithstanding any law or rule of law (including res judicata), the other spouse shall be relieved of liability for tax (including interest, penalties, and other amounts) for such taxable year to the extent such liability is attributable to such understatement, and, to the extent *261 the liability so attributable has been collected from such other spouse, it shall be refunded or credited to such other spouse. No credit or refund shall be made under the preceding sentence unless claim therefor has been submitted to the Secretary of the Treasury or his delegate before the date 1 year after the date of the enactment of this paragraph, and no interest on such credit or refund shall be allowed for any period before such date of enactment." [Emphasis added.]
The report of the conference committee [2] discussing section 6004 of TAMRA states: 4. Treatment of certain innocent spouses Present Law Pursuant to the Tax Reform Act of 1984, a spouse filing a joint return is relieved of liability if (1) there is a substantial understatement of tax attributable to a grossly erroneous item of the other spouse; (2) the spouse establishes that in signing the return he or she did not know that there was a substantial understatement; and (3) taking into account all the facts and circumstances, it is inequitable to hold the spouse liable for the deficiency in tax attributable to the understatement (sec. 6013(e)). House Bill If (1) on a joint return filed before January *262 1, 1985, there was an understatement attributable to disallowed deductions of the other spouse the amount of which exceeded the taxable income shown on the return, (2) the spouse establishes that in signing the return he or she did not know (or have reason to know) that there was such an understatement, (3) the marriage terminated, and (4) the net worth of the spouse immediately following the termination of the marriage was less than $ 10,000, then the spouse is relieved of liability for tax (including interest, penalties, and other amounts) for the year to the extent the liability is attributable to the understatement. A refund is allowed notwithstanding any law or rule of law if a refund claim is filed within one year of the date of enactment, but no interest is payable for any period prior to the date of enactment. The provision applies with respect to joint returns filed before January 1, 1985 (the effective date of the 1984 Act provision relating to innocent spouses).
*263 During the floor debate in the House of Representatives, the Chairman of the Committee on Ways and Means, in reference to section 6004, stated: The bill broadens the innocent spouse relief available in certain situations. While the provision is intended to apply generically, the committee has been aware of the hardships caused by cases such as Ash versus Commissioner, and intends to overturn that decision, and provide relief in that and other similar situations. [3]
One aspect of the statute and its legislative history is clear. Congress intended to broaden the scope of relief available to returns filed before January 1, 1985, in certain limited circumstances. Section 6013(e), as originally enacted, Act of January 12, 1971, [4] did "not open a year which has been closed by the statute of limitations, res judicata, or otherwise". S. Rept. 91-1537, at 4, 1971-1 C.B. 606, 608. In 1976, however, Congress *264 amended the Act of January 12, 1971, to broaden the extent of relief for certain innocent spouses to "taxable years beginning after December 31, 1961, and ending before January 31, 1971" where relief had been "prevented by the operation of res judicata * * * . Any overpayment of tax by such taxpayer for such taxable years * * * shall be refunded to such taxpayer". Section 2114(a), Tax Reform Act of 1976, Pub. L. 94-455, 90 Stat. 1525, 1907, 1976-3 C.B. (Vol. 1) 383. The report of the Senate Finance Committee makes it clear that Congress intended to extend relief to innocent spouses "(1) who became liable for the tax because of the res judicata effect of a judicial decision prior to the enactment of this provision, and (2) who could have benefited from the provision if he or she had kept the taxable year in question open within the tax administrative process and had not sought judicial relief". S. Rept. 94-938, at 423, 1976-3 C.B. (Vol. 3) 57, 461. See also Staff of the Joint Comm. on Taxation, General Explanation of the Tax Reform Act of 1976 (J. Comm. Print (1976), at 622-623, 1976-3 C.B. (Vol. 2) 634-635. *265 In 1984 Congress amended section 6013(e) of the Internal Revenue Code and retroactively revised and expanded the statutory relief available to innocent spouses. Deficit Reduction Act of 1984, Pub. L. 98-369, sec. 424, 98 Stat. 494, 801, 1984-3 C.B. (Vol. 1) 309. The 1984 legislation, however, did not open a year otherwise closed by the statute of limitations, res judicata or otherwise. [5] Section 6004, however, by amending section 424 of the 1984 Act, specifically allows relief from liability for the innocent spouse, "notwithstanding any law or rule of law (including res judicata)", in certain circumstances other than those contained in section 6013(e) of the Internal Revenue Code, as amended by section 424 of the 1984 Act. Respondent first takes the position that the relief contained in section 6004 of TAMRA does *266 not include the situation where a case has been settled. Since the settlement in this case did not contain any provision relating to innocent spouse relief, respondent argues that Mrs. Thompson is now precluded from raising the issue. Ordinarily, if the parties have settled a case, the Court will enforce that settlement. Stamm International Corp. v. Commissioner, 90 T.C. 315 (1988). If, however, we are to give meaning to the congressional mandate that relief will be given "notwithstanding any law or rule of law (including res judicata)", it must be at least sufficiently broad to include a case where there has been a settlement but a decision has not been entered. We, therefore, hold that a prior settlement of the case does not bar relief under section 6004. Respondent also contends that petitioner Mrs. Thompson does not qualify under section 6004 of TAMRA for two reasons. First, respondent argues that the last sentence of section 6004 of TAMRA requires an aggrieved spouse to seek relief as an innocent spouse by filing a claim for credit or refund within 1 year of the enactment date of section 6004, [6] which, admittedly, Mrs. Thompson has not done. That sentence *267 provides: No credit or refund shall be made under the preceding sentence unless claim therefor has been submitted to the Secretary of the Treasury or his delegate before the date 1 year after the date of the enactment of this paragraph, and no interest on such credit or refund shall be allowed for any period before such date of enactment. [Pub. L. 100-647, sec. 6004, 102 Stat. 3685].
Respondent contends that this language operates to allow a taxpayer a refund or credit only for amounts collected prior to one year after the date of enactment. We agree with respondent only to the extent that she argues that a claim for a refund or credit must be filed within one year of the enactment date. We note, however, that the penultimate sentence referred to in the last sentence provides that, if the certain conditions contained in subparagraphs (A) through (E) are satisfied: the other spouse shall be relieved of liability * * * to the extent such liability is attributable to such understatement, and, to the extent the liability so attributable has been collected from such other spouse, it shall be refunded or credited to such other spouse. [Id. Emphasis added.]
*268 As did section 2114 of the Tax Reform Act of 1976, section 6004 of TAMRA addresses dual concerns, namely, 1) relief from joint and several liability, and 2) refund claims as to amounts that have been collected. These concerns are not necessarily concomitant. Although the availability of a refund is restricted by the filing of a claim within the prescribed 1 year period (see Schulman v. United States, 558 F. Supp. 28 (S.D. N.Y. 1982) and Yuen v. United States, 825 F.2d 244, 245 (9th Cir. 1987), dealing with section 2114 of the 1976 Act), the availability of relief from joint and several liability is not so limited. We, therefore, hold that the innocent spouse relief contained in section 6004 is not limited to amounts collected for which a refund claim can be filed within the 1-year period after the date of enactment. Section 6004 clearly anticipates liability relief also for amounts determined but not yet assessed. *269 Respondent also contends that section 6004 of TAMRA applies only to cases in which a judicial "determination" was made prior to October 21, 1988. Subparagraph (D) provides: without regard to any determination before October 21, 1988, the other spouse establishes that in signing the return he or she did not know, and had no reason to know, that there was such an understatement * * * .
(October 21, 1988, is the date that the conference report to the 1988 Act was filed in the House of Representatives.) Respondent interprets the word "determination" to mean a judicial determination. Neither section 6004 nor its legislative history provides any definition of the word. We do note, however, that the conference report does not cite the need for a judicial determination prior to October 21, 1988. We need not decide definitely the issue because, under any reasonable interpretation of the word "determination", petitioner Mrs. Thompson satisfies whatever limitation may be contained in subparagraph (D) of section 6004. It seems to us that the word "determination" either refers to an administrative or a judicial determination. Since neither the statute nor the legislative history *270 provides any guidance in interpreting the word "determination," we look elsewhere in the Internal Revenue Code. We assume that the scriveners of section 6004 would have intended to give the word "determination" it normal tax meaning. See Corning Glass Works v. Brennan, 417 U.S. 188, 201 (1974); United States v. Cuomo, 525 F.2d 1285, 1291 (5th Cir. 1976). In this regard, section 6212(a) provides that "If the Secretary determines that there is a deficiency * * *, he is authorized to send a notice of deficiency * * * ". (Emphasis added.) Similarly, section 6212(c) states that, if a notice of deficiency has been sent, "the Secretary shall have no right to determine any additional deficiency * * * ." (Emphasis added.) On the other hand, section 6213(a) provides that "a taxpayer may file a petition with the Tax Court for a redetermination of the deficiency", and section 6214(a), relating to the jurisdiction of the Tax Court, provides that the Court shall have jurisdiction to redetermine the correct amount of the deficiency. (Emphasis added.) [7] If we, therefore, assume that, to the extent subparagraph (D) of section 6004 provides *271 a limitation on the availability of relief, subparagraph (D) would refer to a determination made by the Secretary, the Secretary made his determination in 1984, and Mrs. Thompson satisfies the limitation. On the other hand, even if Congress intended a judicial determination, subparagraph (D) of section 6004 does not require, as a condition for relief, that there had to have been a judicial determination made before October 21, 1988. The most that can be said is that the bar of res judicata is lifted only with respect to judicial determinations made before October 21, 1988, and not thereafter. The October date, therefore, would not address those situations where there has been no judicial determination. In this case, res judicata is not a bar to relief, rather, if there is a bar, that bar would be predicated on the settlement agreement. See Stamm International Corp. v. Commissioner, supra. *272 In consideration of the foregoing, we will grant petitioners' Motion for Leave to File an Amendment to the Petition, and we will deny respondent's Motion for Entry of Decision as to both petitioners. An appropriate order will be issued. Footnotes
1. This case was assigned pursuant to section 7443A(b)(4) of the Internal Revenue Code↩.
2. H. Conf. Rept. 100-1104, at 135-36 (1988), 1988-3 C.B. 473↩, 625-626.
3. Cong. Rec. H11081, Vol. 134 (daily ed. Oct. 21, 1988) (statement of Rep. Rostenkowski).↩
4. Act of January 12, 1971, Pub. L. 91-679, 84 Stat. 2063, 1971-1 C.B. 547↩. The 1971 statute did not provide relief for deficiencies attributable to erroneously claimed deductions, credits or omissions of gross income below the 25 percent requirement.
5. It was thus applicable in pending Tax Court cases where the decision in the case was not final. H. Conf. Rept. 98-861, at 1119 (1984), 1984-3 C.B. (Vol. 2) 373-74.↩
6. The enactment date of section 6004 of TAMRA was November 10, 1988.↩
7. While the descriptive title of section 6214 is "Determinations by Tax Court", descriptive matters of the Internal Revenue Code are given no legal effect. Sec. 7806(b).↩