In re Thomas L. **FREYTAG** and Sharon N. Freytag, Debtors.

James W. **CUNNINGHAM** and Sharon N. Freytag, Appellants,

v.

UNITED STATES of America, Appellee.

Bankruptcy No. 390–30082–HCA–7.
Civ. A. No. 3:93–CV–2094–G.

United States District Court,
N.D. Texas,
Dallas Division.

Aug. 22, 1994.

Harold C. Abramson, pro se.

Charles B. Hendricks, Law Office of Charles B. Hendricks, Dallas, TX, for James W. Cunningham.

Alan Wright, Haynes & Boone, William Doyle Elliott, Cowles & Thompson, Dallas, TX, for Sharon N. Freytag.

Louise Grace Parks Hytken, U.S. Dept. of Energy, Tax Div., Dallas, TX, for U.S.

### MEMORANDUM ORDER

FISH, District Judge.

Before the court is the appeal of debtor Sharon Freytag ("Ms. Freytag") from an order of the bankruptcy court determining that she is not entitled to relief as an innocent spouse from the claims of the Internal Revenue Service ("IRS"). For the reasons stated below, the order of the bankruptcy court is affirmed.

### I. BACKGROUND

Sharon and Thomas Freytag deducted substantial losses on their joint federal income tax returns for the years 1978–1982. Bankruptcy Court's Memorandum Opinion, August 11, 1993 ("Bankruptcy Opinion") at 3; Brief of Appellants ("Appellants' Brief") at 2. The losses arose from transactions with First Western Government Securities ("FWGS") in forward contracts for government mortgage-backed securities. Bankruptcy Opinion at 3; Appellant's Brief at 3. When the IRS challenged the deductions, the Freytags petitioned the Tax Court for redetermination of the IRS's asserted deficiencies for tax years 1978–1980. Bankruptcy Opinion at 3. The Freytags' petition was combined with nine others as a test case for the approximately three thousand cases related to FWGS then pending in the Tax Court. *Id.* See *Freytag v. Commissioner,* 89 T.C. 849, 860 n. 16, 1987 WL 45307 (1987). The special trial judge found that the transactions were illusory, fictitious, not bona fide, and entered into primarily, if not solely, for tax avoidance purposes. Bankruptcy Opinion at 3. *See Freytag,* above, 89 T.C. at 875–86, 890, 1987 WL 45307. The Tax Court adopted the opinion of the special trial judge and the Fifth Circuit and Supreme Court affirmed that opinion. *See Freytag v. Commissioner of*

*Internal Revenue,* 904 F.2d 1011 (5th Cir. 1990), *affirmed,* 501 U.S. 868, 111 S.Ct. 2631, 115 L.Ed.2d 764 (1991).

While the case referred to above was pending in the Court of Appeals, the Freytags filed a petition for relief under Chapter 7 of the Bankruptcy Code. Bankruptcy Opinion at 3. After the Supreme Court affirmed the judgment of the Court of Appeals, Ms. Freytag filed "Objections of Debtor Sharon Freytag to IRS Proofs of Claim," in which she asserted that she was an "innocent spouse" under 26 U.S.C. § 6013(e) and (in a later amendment to the objection) under § 6004 of the Technical and Miscellaneous Revenue Act of 1988 ("TAMRA"). *Id.*

Following a decision adverse to her by the bankruptcy court, Ms. Freytag brought this appeal, in which she raises four issues. First, she maintains that her 1978–1980 claims are not barred by res judicata because they could not have been brought in the Tax Court test case. Second, she argues that she is an innocent spouse who is entitled to relief under TAMRA § 6004. Third, she contends that she is an innocent spouse under § 6013 and that the bankruptcy court erred in its application of the "knowledge" and "inequity" standards. Fourth, she urges that the bankruptcy court erred in excluding certain evidence offered by her.

## II.  *STANDARD OF REVIEW*

■■■ The determination of a debtor's tax liability constitutes a core proceeding under 28 U.S.C. § 157(b)(2)(B). *In re Hunt,* 95 B.R. 442, 444 (Bankr.N.D.Tex.1989). *See also* 11 U.S.C. § 505(a)(1). Therefore, this court may disregard the findings of fact made by the bankruptcy judge only if those findings are "clearly erroneous." Bankruptcy Rule 8013; *see Matter of Fairchild Aircraft Corporation,* 6 F.3d 1119, 1125 (5th Cir.1993); *Matter of Kennard,* 970 F.2d 1455; 1457–58 (5th Cir.1992) (*citing Matter of Multiponics, Inc.,* 622 F.2d 709, 713 (5th Cir. 1980)). The court will review matters of law *de novo. See Fairchild Aircraft,* 6 F.3d at

1125; *Matter of Killebrew,* 888 F.2d 1516, 1519 (5th Cir.1989).

## III.  *ANALYSIS*

### A.  *Res Judicata*

■■■ Res judicata is designed to insure the finality of judgments and protect parties from multiple lawsuits. Res judicata requires four conditions: (1) the parties in a later action must be identical to those in the prior action; (2) the judgment in the prior action must have been rendered by a court of competent jurisdiction; (3) there must be a final judgment on the merits regarding the prior action; and (4) the same cause of action must be involved in both suits. *United States v. Shanbaum,* 10 F.3d 305, 310 (5th Cir.1994). If these four conditions are met, the parties are prevented "from raising any claim or defense in the later action that was or *could have been* raised in the prior action." *Id.* (emphasis in original). A final judgment bars the litigation of all issues relevant to the claim, whether or not they were raised at trial. *Id.*

■■■ As noted above, the Freytags' tax liability for the 1978–1980 tax years was tried before a special trial judge; the Tax Court adopted the opinion of the special trial judge; and the Fifth Circuit and Supreme Court affirmed that opinion. *Freytag,* above, 904 F.2d 1011 (5th Cir.1990), *affirmed,* 501 U.S. 868, 111 S.Ct. 2631, 115 L.Ed.2d 764 (1991). At no point during these proceedings was the innocent spouse defense addressed by either the Freytags or the IRS, although Ms. Freytag could have raised the defense if she had chosen to do so. Ms. Freytag argues that the innocent spouse claim could not have been brought in the Tax Court test case, and therefore the innocent spouse defense is not barred by res judicata in the bankruptcy proceedings. Appellants' Brief at 45–47. The court disagrees. The Freytags never even attempted to bring an innocent spouse claim before the Tax Court during the litigation of their tax liability for 1978–1980. Accordingly, the court will not now consider the hypotheticals urged by Ms. Freytag.[1]

---

1.  Discussion of the res judicata issue as it relates to TAMRA Section 6004 is discussed in more    detail below.

The court is of the opinion that all four conditions for the application of res judicata are present and that the final judgment by the Supreme Court bars relitigation in the bankruptcy court of Ms. Freytag's tax liability for the 1978–1980 tax years. Therefore, Ms. Freytag cannot now raise the innocent spouse defense in regard to the 1978–1980 tax years.

### B. Innocent Spouse Defense: TAMRA § 6004

█ Ms. Freytag's second claim as to 1978 to 1980 is that she is entitled to innocent spouse relief under TAMRA § 6004, notwithstanding the applicability of res judicata. For the reasons stated below, the court is of the opinion that the bankruptcy court was correct, or at least not clearly erroneous, in finding that Ms. Freytag does not satisfy the requirements for relief under TAMRA § 6004.

### 1. The Statute

Congress enacted a transitional rule for innocent spouse relief under TAMRA § 6004, which provides in pertinent part:

Subsection (c) of section 424 of the Tax Reform Act of 1984 (relating to innocent spouse relieved of liability in certain cases) is amended by adding at the end thereof the following new paragraph:

(3) **Transitional rule.**—If—

(A) a joint return under section 6013 of the Internal Revenue Code of 1954 was filed before January 1, 1985,

(B) on such return there is an understatement (as defined in subsection 6661(b)(2)(A) of such Code) which is attributable to disallowed deductions attributable to activities of one spouse,

(C) the amount of such disallowed deductions exceeds the taxable income shown on such return,

(D) without regard to any determination before October 21, 1988, the other spouse establishes that in signing the return he or she did not know, and had

no reason to know, that there was such an understatement, and

(E) the marriage between such spouses terminated and immediately after such termination the net worth of the other spouse was less than $10,000,

notwithstanding any law or rule of law (including res judicata), the other spouse shall be relieved of liability for tax (including interest, penalties, and other amounts) for such taxable year to the extent such liability is attributable to such understatement, and, to the extent the liability so attributable has been collected from such other spouse, it shall be refunded or credited to such other spouse. No credit or refund shall be made under the preceding sentence unless claim therefor has been submitted to the Secretary of the Treasury or his delegate before the date 1 year after the date of the enactment of this paragraph, and no interest on such credit or refund shall be allowed for any period before such date of enactment.

TAMRA § 6004.[2]

### 2. Section 6004(3)(D): Determination Before October 21, 1988

Ms. Freytag argues that the TAMRA language "without regard to any determination before October 21, 1988" allows the application of § 6004 to determinations made both before and after October 21, 1988. Like the bankruptcy court and the IRS, this court finds Ms. Freytag's arguments on this score unpersuasive. The court is of the opinion that the October 21, 1988 date was added to make the relief provided by § 6004 available to a person who did not have its benefit when her case was determined, not to allow a taxpayer otherwise satisfying the requirements of § 6004 to relitigate her case indefinitely.

Ms. Freytag contends that there was a "determination" in her case before October 21, 1988, as shown by the administrative "determinations" of the IRS on December 11, 1981 and January 4, 1984 or the published Tax Court opinion on October 27, 1987. Ap-

---

**2.** Since the parties agree that Ms. Freytag satisfies (A), (B), and (C) above, the court will only review the bankruptcy court's analysis of (D) and

(E) of TAMRA Section 6004. See Section (B)(2) and n. 4 below.

pellant's Brief at 42. The court disagrees; rather, it is persuaded by the reasoning of the bankruptcy court. Bankruptcy Opinion at 32–35.

■ In determining the meaning of an undefined term used in a statute, the proper course is to look at how that term is defined or used in other portions of the same law. *See Corning Glass Works v. Brennan,* 417 U.S. 188, 201, 94 S.Ct. 2223, 2231, 41 L.Ed.2d 1 (1974); *United States v. Cuomo,* 525 F.2d 1285, 1291 (5th Cir.1976). Consistent with this principle, the bankruptcy court looked to § 1313(a)(1) of the Internal Revenue Code. Bankruptcy Opinion at 34–35. Although § 1313 provides that its definition applies only to Part II of Subtitle A, the application of "determination" in that part of the Internal Revenue Code is analogous to that in TAMRA. In Part II of Subtitle A, a correction is allowed when certain errors have been made in a determination, despite the normal prevention of such corrections by operation of "any law or rule of law." 26 U.S.C. § 1311. Similarly, TAMRA Section 6004 allows a change in tax liability under certain circumstances even after a determination has been made.

Section 1313 defines "determination" as "a decision by the Tax Court or a judgment, decree, or other order by any court of competent jurisdiction, which has become final[.]" 26 U.S.C. § 1313(a)(1). The Supreme Court issued its affirmance in *Freytag* on June 27, 1991,[3] well after October 21, 1988. Therefore, Ms. Freytag cannot qualify for innocent spouse relief under TAMRA Section 6004 for tax years 1978–1980.

Ms. Freytag, citing *Thompson v. Commissioner of Internal Revenue,* 63 T.C.M. (CCH) 2883 (1992), argues that § 1313 provides an improper definition. *Thompson* stated that the word "determination" should be given its normal tax meaning, relying on 26 U.S.C. §§ 6212–14. *Id.* at 2886. The court is of the

opinion, however, that § 1313 provides a closer analogy with TAMRA § 6004 and that the bankruptcy court correctly ruled that Ms. Freytag has not shown herself entitled to innocent spouse under that statute.[4]

### C. *Innocent Spouse Defense: 26 U.S.C. § 6013(e)*

■ Ms. Freytag's next claim is that she is not liable for tax years 1981 and 1982 because she is entitled to the innocent spouse relief provided by 26 U.S.C. § 6013(e). For the reasons stated below, the court is of the opinion that the bankruptcy court did not err in holding that Ms. Freytag has not satisfied the requirements of 26 U.S.C. § 6013(e) to obtain relief from her 1981–1982 tax liability.

### 1. *The Statute*

26 U.S.C. § 6013 provides for innocent spouse relief as follows:

**(e) Spouse relieved of liability in certain cases.—**

**(1) In general.—**Under regulations prescribed by the Secretary, if—

  **(A)** a joint return has been made under this section for a taxable year,

  **(B)** on such return there is a substantial understatement of tax attributable to grossly erroneous items of one spouse,

  **(C)** the other spouse establishes that in signing the return he or she did not know, and had no reason to know, that there was such substantial understatement, and

  **(D)** taking into account all the facts and circumstances, it is inequitable to hold the other spouse liable for the deficiency in tax for such taxable year attributable to such substantial understatement,

then the other spouse shall be relieved of liability for tax (including interest, penalties, and other amounts) for such taxable

---

**3.** As correctly stated by the bankruptcy court, "the decision of the Tax Court did not become final until 30 days after the Supreme Court affirmed the Tax Court. *See* 26 U.S.C. § 7481." Bankruptcy Opinion at 2.

**4.** Ms. Freytag also argues that the bankruptcy court erred as a matter of law in not ruling that

her net worth was less than $10,000 following her divorce on November 21, 1991. Appellants' Brief at 43. Since this issue was not dispositive in the bankruptcy court's ruling on the applicability of TAMRA § 6004(3), this court need not address it.

year to the extent such liability is attributable to such substantial understatement. 26 U.S.C. § 6013(e)(1).

Ms. Freytag argues that although the bankruptcy court correctly quoted § 6013(e)(1) and stated the appropriate legal standard, Bankruptcy Opinion at 12–15, the court then proceeded to improperly apply that standard. Appellants' Brief at 16. This court disagrees.[5]

### 2. *"Did Not Know" and "Had No Reason to Know": The Standard* [6]

■ In determining whether a spouse had reason to know of an understatement, the court should approach the issue from the standpoint of whether, at the time of signing the return, a reasonable person in the spouse's circumstances could be expected to know of the substantial understatement. *Sanders v. United States*, 509 F.2d 162, 166–67 (5th Cir.1975); *Erdahl v. Commissioner of Internal Revenue*, 930 F.2d 585, 590 (8th Cir.1991); *Stevens v. Commissioner of Internal Revenue*, 872 F.2d 1499, 1505 (11th Cir. 1989); *Price v. Commissioner of Internal Revenue*, 887 F.2d 959, 965 (9th Cir.1989). See also *Hayman v. Commissioner of Internal Revenue*, 992 F.2d 1256, 1261 (2d Cir. 1993). The bankruptcy court applied this standard in denying Ms. Freytag's request for innocent spouse relief. Bankruptcy Opinion at 15.

■ Since the bankruptcy court used the correct standard, the court will now evaluate the bankruptcy court's application of that standard. The factors a court should consider in determining the applicability of the

innocent spouse defense are (1) the spouse's level of education; (2) the spouse's involvement in the family's business and financial affairs; (3) the presence of expenditures that appear lavish or unusual when compared to the family's past levels of income, standard of living, and spending patterns; and (4) the culpable spouse's evasiveness and deceit concerning the couple's finances. *Hayman*, 992 F.2d at 1261; *Erdahl*, 930 F.2d at 591; *Price*, 887 F.2d at 965; *Stevens*, 872 F.2d at 1505. See also *Sanders*, 509 F.2d at 167. The *Sanders* court stated that in examining cases, courts had "suggest[ed] *at least three* factors" in examining the reason to know element of the § 6013(e)(1) test. 509 F.2d at 167 (emphasis added) (applying 2–4 above). In light of *Sanders*, the court is of the opinion that the above list is not exhaustive and that, additionally, all the factors do not have to be present in any given case to grant or deny innocent spouse relief.

In determining that Ms. Freytag knew or had reason to know that the tax returns contained substantial understatements due to the FWGS deductions, the bankruptcy court evaluated all of the four factors above, as well as Ms. Freytag's duty to inquire arising from her knowledge of the tax returns and from her interaction with the IRS and with her accountants. Bankruptcy Opinion at 15–16. This court is of the opinion that the bankruptcy court was not clearly erroneous in finding that Ms. Freytag knew, and did not err in concluding that Ms. Freytag had reason to know, of the substantial understatements.

---

**5.** The parties do not contend that the requirements set forth in A or B above have not been met. Therefore, the court will address only the bankruptcy court findings respecting C and D above.

**6.** As stated by the bankruptcy court, "the taxpayer has the burden of proving each [element of § 6013(e)(1)] by a preponderance of the evidence." Bankruptcy Opinion at 12 (citation omitted). Accordingly, Ms. Freytag had the obligation to show *both* (1) that she did not know *and* (2) that she had no reason to know of the substantial understatement. 26 U.S.C. § 6013(e)(1)(C). Failure to prove either is fatal to her claim. *Stevens v. Commissioner of Internal Revenue*, 872 F.2d 1499, 1504 (11th Cir.

1989). The bankruptcy court's finding of Ms. Freytag's actual knowledge is a finding of fact, *Sanders v. United States*, 509 F.2d 162, 165–66 (5th Cir.1975), insulated by the clearly erroneous standard of review. *Buchine v. Commissioner of Internal Revenue Service*, 20 F.3d 173, 181 (5th Cir.1994). Although the appellate cases have usually analyzed actual knowledge and reason to know as separate elements, *e.g., Sanders*, 509 F.2d at 165–66; *Price v. Commissioner of Internal Revenue*, 887 F.2d 959, 964 (9th Cir.1989), the bankruptcy court discussed them together. After reviewing the entire record, this court concludes that Ms. Freytag has not shown the finding that she had actual knowledge of the understatements to be clearly erroneous.

### 3. The "Inequity" Standard

The bankruptcy court's finding regarding the state of Ms. Freytag's knowledge is dispositive of her claim for innocent spouse relief. For the sake of completeness, however, the court will also discuss the bankruptcy court's determination that it is not inequitable to place the tax liability on Ms. Freytag. The bankruptcy court properly defined "inequitable" as stated in the Treas.Reg. Section 1.6013–5(b).[7] Bankruptcy Opinion at 26. In utilizing this definition as a framework, the bankruptcy court correctly gleaned two factors for evaluating inequity: (1) whether the spouse seeking relief "significantly benefitted" from the understatement of tax, *Buchine v. Commissioner of Internal Revenue Service*, 20 F.3d 173, 181 (5th Cir.1994); *Sanders*, 509 F.2d at 170; *Hayman*, 992 F.2d at 1262, and (2) whether deductions resulted from " 'concealment, overreaching, or any other wrongdoing' on the part of the 'guilty' spouse." *Hayman*, 992 F.2d at 1262.[8] A third factor stated in Section 6013(e)(1) requires the finder of fact to look at "all the facts and circumstances" in determining inequity. § 6013(e)(1)(D); *Sanders*, 509 F.2d at 170; *Hayman*, 992 F.2d at 1262.

The Fifth Circuit has stated that "Congress manifestly intended that the weighing of the equitable considerations for and against charging an asserted 'innocent spouse' with tax deficiencies be left largely to the informed judgment of the trier of fact." *Sanders*, 509 F.2d at 171. Here, the bankruptcy court was the trier of fact. It found that Mr. Freytag did not conceal anything from Ms. Freytag in soliciting her signature on the returns. Bankruptcy Opinion at 26–

27. The bankruptcy court also found that "[w]hether or not the Freytags had other money does not negate the increased cash flow they gained from the phony deductions." *Id.* at 28. Lastly, the bankruptcy court specifically analyzed the inequity element "[u]nder the facts and circumstances of [the] case." Bankruptcy Opinion at 26–28. The court concludes, therefore, that the bankruptcy court did not err in applying the inequity standard to the facts found by it, and the bankruptcy court's ruling on this issue is affirmed.

### D. Exclusion of Evidence

Finally, Ms. Freytag argues that the bankruptcy court improperly excluded certain evidence[9] in determining whether she is entitled to innocent spouse relief. Appellants' Brief at 47–48. An evidentiary ruling will be reversed on appeal only if there was a clear abuse of discretion by the trial court. *E.g., Farace v. Independent Fire Insurance Company*, 699 F.2d 204, 209 (5th Cir.1983). Since this court is sitting as an appellate court in reviewing the bankruptcy court's ruling, the abuse of discretion standard is applicable. *NationsBank of Virginia, N.A. v. DCI Publishing of Alexandria, Inc.*, 160 B.R. 538, 542 (E.D.Va.1993); *In re Cash Currency Exchange, Inc.*, 93 B.R. 618, 621 (N.D.Ill.1988). *See also Christophersen v. Allied–Signal Corporation*, 939 F.2d 1106, 1109 (5th Cir.1991) (review of summary judgment evidentiary standard is same abuse of discretion standard as review of all evidentiary rulings), *cert. denied,* —— U.S. ——, 112 S.Ct. 1280, 117 L.Ed.2d 506 (1992); *In re Consolidated Companies, Inc.*, 157 B.R. 10,

---

7. Treas.Reg. Section 1.6013–5(b) states in part: "Whether it is inequitable to hold a person liable for deficiency in tax ... is to be determined on the basis of all facts and circumstances. In making such a determination a factor to be considered is whether the person seeking relief significantly benefitted, directly or indirectly, from the items omitted from gross income. However, normal support is not a significant "benefit" for purposes of this determination. Evidence of a direct or indirect benefit may consist of transfers of property, including transfers which may be received several years after the year in which the omitted item of income should have been included in gross income...."

Treas.Reg. Section 1.6013–5(b).

8. The court agrees with Ms. Freytag that the bankruptcy court's allusion, Bankruptcy Opinion at 26, to the dual innocence argument in *Hayman*, 992 F.2d at 1262, is inapposite to the present case.

9. Ms. Freytag attempted to introduce (1) pretrial comments by Tax Court Judge Richard Wilbur; (2) expert testimony regarding forward contracts from Harvard economist Franklin Edwards; and (3) testimony from attorney Charles Billings regarding innocent spouse relief in other forward contracts cases. Appellants' Brief at 47–48.

11–12 (E.D.La.1993) (same evidentiary standard in summary judgment as in trial). In light of this standard, the court is of the opinion that the bankruptcy court did not err in excluding evidence that consisted of an expert on FWGS forward contracts, remarks from a judge who did not preside over the Tax Court trial, and decisions in other innocent spouse relief cases.

## IV. CONCLUSION

The bankruptcy court did not err in determining that Ms. Freytag is not an innocent spouse and that the IRS claim is non-dischargeable. The order of the bankruptcy court is accordingly **AFFIRMED.**

**SO ORDERED.**