United States Court of Appeals,

Fifth Circuit.

No. 91–8155.

In the Matter of Britt R. KENNARD, Debtor.

Britt R. KENNARD, Appellee,

v.

MBANK WACO, N.A., Appellant.

Sept. 9, 1992.

Appeal from the United States District Court for the Western District of Texas.

Before REYNALDO G. GARZA and GARWOOD, Circuit Judges, and SCOTT,[*] District Judge.

GARWOOD, Circuit Judge:

fendant-appellant MBank Waco, N.A. (MBank) appeals from a district court judgment reversing an earlier bankruptcy court ruling and awarding plaintiff-appellee Britt R. Kennard (Kennard) approximately 190 acres o f ranch land under the homestead provisions of the Texas Constitution and Property Code. Because we agree with the district court's interpretation of Texas homestead law as it applies to the facts of this case, we affirm.

**Facts and Proceedings Below**

The following facts are undisputed. Kennard owned approximately 900 acres of rural land near Mt. Calm in Limestone County, Texas, consisting of several contiguous tracts. He built an 1,800–square–foot house on a 9.95 acre tract within the 900 acres in 1978 and has lived in that house continuously since that time.[1] The rest of the 900 acres were, and continue to be, used uniformly as farm and grazing land. In 1983, Kennard granted a lien on approximately 470 acres of his property to First City Bank by deed of trust. This 470–acre parcel did not include any of the 9.95–acre tract.

---

[*]Senior District Judge of the Western District of Louisiana sitting by designation.

[1]Kennard's wife has lived in the house with him since their marriage in 1986.

Barth of Texas, Inc., a closely-held Texas corporation owned solely by Kennard, owed approximately $200,000 to MBank, which debt Kennard had personally guaranteed. On December 15, 1986, Kennard secured his guarantee by executing and recording a deed of trust on the remaining 430 acres of his 900–acre ranch that were not already encumbered by First City Bank. This 430–acre tract included all of the 9.95–acre tract on which Kennard's house was situated. The deed of trust, which was prepared by MBank's attorneys and executed and acknowledged by Kennard and his wife, contained a homestead designation of 200 acres comprised mainly of land already subject to the First City lien.[2] When the deed of trust to MBank was executed, the only residence on the 900 acres, apart from Kennard's son's house on a 5.51–acre tract previously deeded to him (see note 2), was Kennard's house on the 9.95–acre tract.

Kennard filed a voluntary petition for Chapter 11 bankruptcy on July 5, 1987. On January 24, 1990, Kennard filed a complaint against MBank to determine the validity of its lien on what he claimed as his 200–acre rural homestead. The 200–acre tract Kennard claimed as homestead in his complaint against MBank was an entirely different portion of his 900–acre ranch from that specified in the homestead designation included in the MBank deed of trust. In his complaint, Kennard claimed as homestead 200 contiguous acres of land within the 430 acres he had pledged to MBank (the remaining 230 acres out of that 430 acres likewise formed one contiguous parcel). This 200 acres of claimed homestead included the 9.95–acre tract on which Kennard's house was located and land adjacent thereto. The 9.95–acre tract on which Kennard's home stands is not separated by fence, road, or other physical separation from the remaining 190 acres Kennard claimed in his action against MBank.

Kennard filed his complaint in the United States Bankruptcy Court for the Western District

_____

[2]There was a house located on the 200 acres contained in the homestead designation attached to the MBank deed of trust, but it was not Kennard's house. In June 1986, Kennard deeded 5.51 acres of his land with a house thereon to his adult son. This deed was recorded in August 1986. For reasons neither party can explain, the 200 acres in the homestead designation included this 5.51 acre tract, which no longer belonged to Kennard.

of Texas, Waco Division. The bankruptcy court held a trial on August 14, 1990, and ruled that Kennard had a valid homestead claim to the 9.95–acre tract on which his house was located, but not to the other 190 acres adjacent to his residence that he claimed as homestead, but which had been pledged to MBank (the 190–acre Tract).

Kennard then appealed the bankruptcy court's judgment as to the 190–acre Tract to the district court.[3] In an order filed January 15, 1991, the district court reversed the judgment of the bankruptcy court, finding that Kennard had homestead rights in the 190–acre Tract. MBank brings this appeal.

## Discussion

We review the decision of the district court by applying the same standards of review to the bankruptcy court's findings of fact and conclusions of law as applied by the district court. *In re Killebrew,* 888 F.2d 1516, 1519 (5th Cir.1989). Here, the district court correctly recognized that Bankruptcy Rule 8013 requires that a bankruptcy court's findings of fact are subject to clearly erroneous review. *See In re Multiponics, Inc.,* 622 F.2d 709, 713 (5th Cir.1980). Conclusions of law, on the other hand, are reviewed *de novo. Id.; Killebrew, supra,* 888 F.2d at 1519.

Homestead rights are recognized in the Texas Constitution, which states, in relevant part:

> "The homestead, not in a town or city, shall consist of not more than 200 acres of land, which may be in one or more parcels, with the improvements thereon ... provided, that the same shall be used for the purposes of a home, or as a place to exercise the calling or business of the homestead claimant, whether a single adult person, or the head of a family...." Texas Const., Article XVI, § 51.

Texas Property Code, § 41.002(b), provides that:

---

[3]Kennard's appeal to the district court and MBank's appeal before this court involve only the 190–acre Tract. Neither party has claimed error in the bankruptcy court's determination that Kennard has valid homestead rights in the 9.95–acre tract on which Kennard's house is located.

"If used for the purposes of a rural home, the homestead shall consist of ... for a family, not more than 200 acres, which may be in one or more parcels, with the improvements thereon...."

Under Texas law, a claimant may establish homestead rights in his land by showing both (i) overt acts of homestead usage and (ii) the intention on the part of the owner to claim the land as a homestead. *Lifemark Corp. v. Merritt,* 655 S.W.2d 310, 314 (Tex.Civ.App.—Houston 1983, *writ ref'd n.r.e.*); *In re Niland,* 825 F.2d 801, 806–07 (5th Cir.1987).[4] As to usage, the bankruptcy court found that all the land in Kennard's 900–acre ranch[5] was used by him either as his residence or for raising crops and grazing livestock. Such a finding clearly establishes that the land was used for "homestead purposes" according to article XVI, section 51 of the Texas Constitution. The bankruptcy court found that the 190–acre Tract met this usage prong of the test.

The bankruptcy court also found, however, that Kennard lacked the necessary intent to claim the 190–acre Tract as his homestead. Though Kennard testified that he had always intended to claim the 190–acre Tract as part of his homestead because of its proximity to his home and barns, the bankruptcy court balanced this testimonial evidence against that of the homestead designation contained in the MBank deed of trust and found Kennard's proof of intent to be lacking.

The bankruptcy court's finding that Kennard lacked the intent to make the 190–acre Tract his homestead is clearly erroneous for two reasons. First, the bankruptcy court relied on the factually inaccurate homestead designation and disclaimer as a basis for its factual finding. In *Texas Land & Loan Co. v. Blalock,* 76 Tex. 85, 13 S.W. 12 (Tex.1890), the Texas Supreme Court stated that:

"Our courts have uniformly held that where a person is actually in possession of a piece of property, occupying and using same as a homestead, at the time a mortgage or lien is

---

[4]Under article XVI, § 50 of the Texas Constitution, the homestead may not be protected from forced sale if the underlying debt was for purchase money of the property claimed as a homestead, to pay taxes thereon, or for improvements to the homestead. In this case, however, the debt to MBank was not for any of these purposes.

[5]Other than the son's 5.51 acres.

attempted to be placed thereon, an affidavit or a statement made by the parties contrary thereto is of no binding force or effect...." *Id.* 13 S.W. at 13.[6]

Given Kennard's open possession and occupation of his home at the time the lien in favor of MBank was executed, we find the homestead designation filed with the deed of trust to be worthy of little evidentiary weight. The designation signed by Kennard did not include the land on which the house in which Kennard lived was located, and did contain land that was already encumbered to another bank and a 5.51–acre tract that, as the public records reflected, Kennard did not even own and that was occupied by another and not by Kennard. Other than the house on that 5.51–acre tract, there was no residence on the 200 acres that the MBank deed of trust designated as Kennard's homestead.

The second reason that we conclude the bankruptcy court's finding of a lack of intent is clearly erroneous is that under settled Texas homestead law an "investigation of intention need not be made when the land is actually put to homestead uses. Such actual use of the land is the most satisfactory and convincing evidence of intention." *Lifemark, supra,* 655 S.W.2d at 315. *See also Braden Steel Corp. v. McClure,* 603 S.W.2d 288, 293 (Tex.Civ.App.—Amarillo 1980, no writ); *Niland, supra,* 825 F.2d at 807. As stated before, Kennard's occupancy and use of his home and the surrounding acreage were unquestioned. The bankruptcy court itself found such use. This finding of use was therefore the best evidence of Kennard's intention to claim the 190–acre Tract as part of his homestead.[7] In failing to apply its finding of usage in its determination of intent, the bankruptcy

[6]We recognize that *Blalock* was discussing the effect of such a statement on a lender in the context of an estoppel argument. We see no reason, however, why that principle is not just as applicable to a judicial determination of intent as it is to a determination of a lender's reasonable reliance for estoppel purposes. A court is no more justified in relying on a factually inaccurate designation than is a lender where the homestead claimant has openly and continuously resided on the land at issue.

[7]We note that the undisputed evidence establishes (and the bankruptcy court did not find to the contrary) that Kennard's use and occupancy of the 190–acre Tract was not of any less of a homestead character than his use and occupancy of the portion of the 430–acre tract that he did not claim as homestead in his complaint in this action; indeed, almost all the 190–acre Tract is closer to the 9.95–acre tract than any of the remainder of the 430 acres, and the 190–acre Tract lies between the 9.95–acre tract and the balance of the 430–acre tract.

court, through a legal error, rendered its subsequent finding of lack of intent clearly erroneous.

Were we not persuaded by the above analysis that Kennard had established his homestead rights in the 190–acre Tract, the same conclusion would be mandated by this Court's recent decision in *Matter of Bradley,* 960 F.2d 502 (5th Cir.1992). In that case, the debtors lived on and operated a farm on fifteen contiguous acres out of a 130–acre parcel of rural land, but used the remaining acreage for grazing and breeding horses. Despite a homestead disclaimer executed by the debtors on all but the fifteen acre parcel that contained their home, this Court held that the debtors had established their homestead rights in the entire 130 acres. That prior decision of this Court clearly directs the outcome in this case. In fact, the circumstances of this case even more clearly require a judgment for the debtors because here the only homestead disclaimer was factually erroneous in the most crucial respect; it claimed land that included no residence either owned or occupied by the debtor and disclaimed land on which the debtor's only home, in which he and his wife were then (and he had long been) openly living, stood. In *Bradley,* there were no such factual errors in the homestead disclaimer.

MBank also argues that Kennard should in any event be estopped from claiming the 190–acre Tract as part of his homestead because of his contrary homestead designation and disclaimer executed with the MBank deed of trust. This contention, however, was rejected by both the bankruptcy court and the district court, and we agree.

The bankruptcy court found, as a matter of law, that Kennard was not estopped from asserting homestead rights in the 200 acres that he had pledged to MBank. Though a valid designation of homestead may be binding upon a debtor, *see* Texas Property Code § 41.005,[8] in *Rutland Savings Bank v. Isbell,* 137 Tex. 432, 154 S.W.2d 442 (1941), the Texas Supreme Court

---

[8]Section 41.005 was enacted by the Texas legislature in 1987. It is the successor to several previous civil statutes to the same effect.

held that a debtor could not be estopped (by reason of a prior designation or prior disclaimer) from asserting homestead rights in land that he had continuously and openly lived on and used and occupied as homestead. *Id.* 154 S.W.2d at 445. *See also Bradley, supra,* at 510; *First Interstate Bank v. Bland,* 810 S.W.2d 277, 283–84 (Tex.App.—Ft. Worth 1991, no writ). As this court stated recently in *Niland:*

> "We think that Texas law is clear that a homestead claimant is not estopped to assert his homestead rights in property on the basis of declarations made to the contrary if, at the time of the declarations, the claimant was in actual use and possession of the property." *Niland, supra,* 825 F.2d at 808.

Further, only the *action* of homestead claimants will lay sufficient grounds for estoppel; their declarations made orally or in writing are alone insufficient. *In re Rubarts,* 896 F.2d 107, 112 (5th Cir.1990) (emphasis in original).

As the designation filed with the December 1986 MBank deed of trust did not contain any of the 9.95 acre tract on which Kennard had openly and continuously made his only home since 1978 (and indeed included no residence either owned or occupied by Kennard), the designation was an insufficient basis on which to estop Kennard from asserting a homestead claim to any other part of his ranch that did include his home and was used by him for homestead purposes.

MBank relies on the Texas Court of Civil Appeals decision in *Prince v. North State Bank of Amarillo,* 484 S.W.2d 405 (Tex.Civ.App.—Amarillo 1972, *writ ref'd n.r.e.*), which held a disclaimer of homestead rights to be valid and, consequently, that the claimant was estopped from asserting homestead rights in the land in question. There is a critical difference between *Prince* and the present case, however. In *Prince,* the claimant made a voluntary homestead designation that included the land on which his house was located. The land in dispute, in which the claimant had disclaimed all homestead rights, was adjacent to, but did not include, the claimant's residence. Thus, there was nothing factually inaccurate about the homestead designation made by the claimant, and the lender was entitled to rely on it.

Not so here.  As the *Rutland Savings Bank* court held, where a debtor disclaims homestead rights in more than one parcel of land, one of which contains his home, the disclaimer is invalid as to all of the parcels named therein.  "The basis of estoppel in a case of this kind is a reliance upon a statement and not a reliance upon one portion of a statement when the other portion thereof is known to be untrue."  *Rutland Savings Bank, supra,* 154 S.W.2d at 445.

On estoppel grounds, this case is controlled by *Rutland Savings Bank.*  The homestead designation and disclaimer executed by Kennard failed to claim land on which he was openly living at the time the MBank deed of trust and designation were executed, and it included no residence that Kennard owned, or had record title to, or was occupying.  This partial invalidity in the designation rendered the entire designation and disclaimer invalid and freed Kennard to later claim as homestead any 200–acre parcel of his ranch that included his home and was used and occupied by him as homestead.  MBank could not reasonably and innocently have relied on such an obviously erroneous designation and therefore is not entitled to assert estoppel.

### Conclusion

We agree with the district court that the bankruptcy court's determination that Kennard did not have the necessary intent to claim the 190–acre Tract as his homestead was clearly erroneous.  We agree with both the bankruptcy court and the district court that MBank is not entitled, based on an obviously inaccurate homestead designation, to an estoppel defense against Kennard's claim.  The judgment of the district court is therefore

AFFIRMED.