**In re Mark B. HERMAN,**
**Debtor/Appellant,**

**v.**

**James H. BROWN, Commissioner**
**of Insurance, Appellee.**

**Civ. A. No. 93–01809.**

United States District Court,
E.D. Louisiana.

Oct. 5, 1993.

Emile Louis Turner, Jr., Turner, Young, et al, New Orleans, LA, for Mark B. Herman.

Julie R. Wilkerson, Gold, Weems, et al, Alexandria, LA, Stephen M. Irving, Stephen M. Irving, Baton Rouge, LA, for James H. Brown.

Evan Park Howell, III, Metairie, LA, for Cynthia Lee Traina.

---

### ORDER AND REASONS

LIVAUDAIS, District Judge.

This is an appeal from the order of the Bankruptcy Court granting relief to James H. Brown (hereinafter "Commissioner") from the automatic stay provision of the United States Bankruptcy code, 11 U.S.C. § 362, pursuant to the exception for proceedings or actions by a governmental unit to enforce the governmental unit's police or regulatory power. 11 U.S.C. § 362(b)(4). The Commissioner brought a civil action against Mark B. Herman ("Herman") in the Western District of Louisiana for violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), federal securities law and state law provisions arising out of transactions involving the business of insurance. Herman was one of twenty-seven individual defendants.

Subsequent to the filing of the civil action, Herman filed this action in the U.S. Bankruptcy Court for the Eastern District of Louisiana. The Commissioner moved the bankruptcy court to exempt the original action from the automatic stay provision under the police and regulatory power exception of § 362(b)(4), or in the alternative, on the basis that cause existed for the stay to be lifted pursuant to § 362(d). The bankruptcy court held that the original action was an action to enforce the Commissioner's regulatory power, and was therefore exempt from the automatic stay provision. This appeal follows.

The issue on appeal is whether the civil action brought by the Commissioner in the Western District of Louisiana falls under 11 U.S.C. § 362(b)(4) which allows actions to enforce a governmental unit's police or regulatory power to be exempted from the automatic stay. Herman advances three arguments on which to base the reversal of the bankruptcy court: 1) The original action is not an enforcement action within the meaning of § 362(b)(4); 2) the original action is an attempt to recover monetary damages and is therefore outside of the scope of the § 362(b)(4) exception; and 3) the Commissioner is not acting within his limited regulatory power. The Court is not persuaded by these arguments, thus the order of the bankruptcy court is affirmed.

### ANALYSIS

Findings of fact by a bankruptcy court are reviewed under a clearly erroneous standard. Conclusions of law are reviewed *de novo. Matter of Kennard,* 970 F.2d 1455, 1457–58 (5th Cir.1991).

The filing of a petition for bankruptcy operates to stay the continuation of a judicial proceeding that was commenced prior to the petition. 11 U.S.C. § 362(a)(1). However, there is an exception to the general rule for

enforcement of a governmental unit's police or regulatory power. § 362(b)(4) & (5).

The governmental unit exception of § 362 is divided into two sub-parts. Section 362(b)(4) provides that the filing of a petition does not operate as a stay "of the commencement or continuation of an action or proceeding by a governmental unit to enforce such governmental unit's police or regulatory power." Section 362(b)(5) provides that the filing of a petition in bankruptcy court does not operate as a stay "of the enforcement of the judgment, other than a money judgment, obtained in an action or proceeding by a governmental unit to enforce such governmental unit's police or regulatory power."

### I.

The Fifth Circuit has indicated that the § 362(b)(4) "should be construed broadly so as to not override state laws enacted to protect some public interest." *Matter of Commonwealth Oil Refining Co.*, 805 F.2d 1175, 1184 (5th Cir.1986), *cert. denied*, 483 U.S. 1005, 107 S.Ct. 3228, 97 L.Ed.2d 734 (1987) (*quoting Penn Terra Ltd. v. Department of Envtl. Resources*, 733 F.2d 267, 273 (3d Cir. 1984)). The *Commonwealth Oil* court further held that the effect of § 362(b)(5) is limited and only prevents actions to enforce money judgments. *Commonwealth Oil*, 805 F.2d at 1183.

The *Commonwealth Oil* court found justification for the broad reading of § 362(b)(4) and the narrow reading of § 362(b)(5) in the Senate and House Committee Reports.

Paragraph (4) excepts commencement or continuation of actions or proceedings by governmental units to enforce police or regulatory powers. Thus, where a governmental unit is suing a debtor to prevent or stop violation of fraud, environmental protection, consumer protection, safety or similar police or regulatory laws, or attempting to fix damages for violation of such a law the action or proceeding is not stayed under the automatic stay.

Paragraph (5) makes clear that the exception extends to permit an injunction, and enforcement of an injunction and to permit entry of a money judgment, but does not extend to permit enforcement of a money judgment. Since the assets of the debtor are in the possession and control of the bankruptcy court, and since they constitute a fund out of which all creditors are entitled to share, enforcement by a governmental unit of a money judgment would give it preferential treatment to the detriment of all other creditors.

S.Rep. No. 989, 95th Cong., 2d Sess. 52, *reprinted in* 1978 U.S.Code Cong. & Admin. News 5787, 5838; H.R.Rep. No. 595, 95th Cong., 2d Sess. 343 (1977), *reprinted in* 1978 U.S.Code Cong. & Admin. News 5963, 6299. The language of § 362(b)(4) and (5), as supported by the relevant legislative history exempts a governmental action seeking a money judgment from the automatic stay, but prevents any money judgment from being enforced. A number of circuit courts that have addressed the question have allowed an action for entry of a money judgment, even where that was the only relief sought by the governmental unit. *See Commonwealth Companies, Inc.*, 913 F.2d 518, 520 (8th Cir. 1991) (stay inapplicable to a claim under the False Claims Act, 31 U.S.C. §§ 3729–3733, for money damages); *Brock v. Morysville Body Works, Inc.*, 829 F.2d 383, 389 (3d Cir.1987); *United States v. Nicolet, Inc.*, 857 F.2d 202, 207–09 (3d Cir.1988); and *EEOC v. McLean Trucking Co.*, 834 F.2d 398, 400–02 (4th Cir.1987).

The facts of the present case indicate that actions of the insurance commissioner are within the scope of the governmental unit exception of § 362(b)(4). The bankruptcy court found that the Commissioner was acting to prevent the repetition of wrongful behavior in the insurance industry. The civil action was therefore brought to protect the public welfare. *Herman v. Brown (In re Herman)*, No. 92–14648, slip op. at 5 (Bkrtcy. E.D.La., Apr. 23, 1993). Support for this finding is found in the amended complaint filed by the Commissioner in the original action. Counts six and thirteen allege that Herman was involved in a scheme to defraud insurance regulators. The legislative history of § 362(b)(4) supports the Commissioner's position that actions to protect the public welfare from fraud fall within the govern-

mental unit exception. The fact that the action is an attempt to set money damages is not determinative in the scope of the exception. *See Commonwealth Companies,* 913 F.2d at 520. The finding by the bankruptcy court that the original civil action was within the scope of the governmental unit exception is therefore not clearly erroneous.

## II.

The courts have developed two tests to further limit the scope of the § 362(b)(4) exception. The tests attempt to determine if the regulatory or police power exerted is for the public welfare or to protect private interests. The first test is the "pecuniary interest" test. *See Commonwealth Companies,* 913 F.2d at 523.

### A.

■ The inquiry under the "pecuniary interest" test is whether the action by the government unit "would result in an economic advantage to the government or its citizens over third parties in relation to the debtor's estate." *In re Charter First Mortgage, Inc.,* 42 B.R. 380, 382 (Bkrtcy.D.Or.1984). No economic advantage will result in the entry of a money judgment, if the government unit is prevented from enforcing that judgment. *See Commonwealth Companies,* 913 F.2d at 524; and *Matter of F.D. Roberts Securities, Inc.,* 115 B.R. 485, 493–95 (Bkrtcy.D.N.J. 1990). Some courts have extended the "pecuniary interest test" to prevent exemption from the automatic stay where "the primary purpose of the action is to protect the government's pecuniary interest in the debtor's property and not to matters of public safety and health." *In Re State of Missouri,* 647 F.2d 768, 776 (8th Cir.1981) *cert. denied* 454 U.S. 1162, 102 S.Ct. 1035, 71 L.Ed.2d 318 (1982).

The Commissioner is not attempting to gain an economic advantage over other creditors and therefore satisfies the major criteria of the "pecuniary interest." Entry of a money judgment absent the ability to enforce that judgment would not result in an advantage to the Commissioner. The bankruptcy court has specifically enjoined the Commissioner from enforcing any money judgment.

*Herman v. Brown (In re Herman),* No. 92–14648, Order at 1 (Bkrtcy.E.D.La., Apr. 23, 1993). The bankruptcy court found that the Commissioner is not attempting to control the property of the debtor, but is acting primarily to protect the public interest.

### B.

■ The second test is the "public policy test." *See NLRB v. Edward Cooper, Inc.,* 804 F.2d 934, 942 (6th Cir.1986). The inquiry under the "public policy test" whether the governmental unit is attempting to fix damages under its regulatory or police power to effectuate public policy, or if it is attempting to adjudicate private rights. Only the former actions are exempt under § 362(b)(4). *N.L.R.B. v. Edward Cooper Painting, Inc.,* 804 F.2d 934 (6th Cir.1986). A governmental unit should not be able to adjudicate the private rights of its citizens under the guise of public protection to escape the general stay provision of § 362. *See In re Charter First Mortg., Inc.,* 42 B.R. 380, 383–84 (Bkrtcy.D.Ore.1984). The important criteria then is whether the action is an attempt to prevent future violations of the law, and therefore to protect the public, rather than an attempt to determine the liability of private parties.

The Commissioner also satisfies the criteria of the "public policy" test. While the action may represent an attempt to adjudicate some private rights, the bankruptcy court nevertheless determined that the primary purpose of the Commissioner is not the determination of those rights, but rather an attempt to prevent repeated violations of the insurance code. The Court does not disagree. The actions of the Commissioner are primarily motivated to effectuate public policy, and therefore pass the "public policy test."

### III.

■ The final issue that must be addressed is the debtor's claim that the Commissioner is acting outside of the statutory and constitutional scope of his powers. In addition, the debtor argues that even if the Commissioner can bring the action, he can only do so in his capacity as liquidator and

therefore as a private party. However, the debtor admits that the ability of the Commissioner to bring the original civil action is an issue to be decided in the United States District Court, Western District of Louisiana. *See* Debtor's Memorandum in Opposition to Motion For Relief From Automatic Stay, at 11. Therefore, the issue before this Court is whether the Commissioner is acting as a private party in the civil action.

The Louisiana Insurance Code provides the Commissioner of insurance with the authority to administer the provisions of the insurance code. La.R.S. 22:2(A)(1). The code specifically recognizes that the business of insurance is of particular public concern. One of the functions of the Commissioner is to liquidate insolvent insurance companies, and only the Commissioner can apply for appointment as liquidator. La.R.S. 22:742. While acting as liquidator it is presumed that the Commissioner is acting in his role as Commissioner. "He is authorized to deal with the property and business of the insurer in his name as commissioner of insurance, or, if the court shall so order in the name of the insurer." La.R.S. 22:737(A). There is no way to separate the actions of Commissioner as liquidator with the actions of the Commissioner as Commissioner, nor has debtor pointed to any order requiring the Commissioner to act in the name of the insurer. The Commissioner is therefore acting as a governmental unit under § 362(b)(4), rather than as a private party.

Accordingly,

**IT IS ORDERED** that the opinion of the bankruptcy court be and is hereby **AFFIRMED.**