**GREEN TREE FINANCIAL SERVICING CORPORATION, Appellant,**

v.

**Ruben R. SMITHWICK, Jr. and Debbie K. Smithwick, Appellees.**

**Civil Action No. C–96–127.**

United States District Court, S.D. Texas, Corpus Christi Division.

Sept. 23, 1996.

Deborah J. Greer, Wood, Boykin & Wolter, Corpus Christi, TX, for Appellant.

Jan L. Shephard, Corpus Christi, TX, for Appellees.

## ORDER ON APPEAL FROM ORDER CONFIRMING IN PART OBJECTION TO CONFIRMATION AND DENYING IN PART OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN

JACK, District Judge.

On this date came on to be considered Appellant Green Tree Financial Servicing Corporation's ("Green Tree") Appeal from Order Confirming in Part Objection to Confirmation and Denying in Part Objection to Confirmation of Chapter 13 Plan.

## I. JURISDICTION

The Court has jurisdiction pursuant to 28 U.S.C. §§ 158(a) and 1334.

## II. PROCEDURAL & FACTUAL HISTORY

On February 15, 1995, Appellees Ruben R. Smithwick, Jr. and Debbie K. Smithwick ("Smithwicks") filed for protection under Chapter 13 of the United States Bankruptcy Code. Green Tree filed a Secured Proof of Claim in the amount of $12,774.24 on March 20, 1995. The Retail Installment Contract, attached to the Proof of Claim, was entered on May 31, 1994, by and between Green Tree and Sonny Smithwick (a/k/a Ruben R. Smithwick, Jr.). The Contract called for 12.75 percent interest on the debt evidenced therein.

On June 14, 1995, the Smithwicks filed an amended Chapter 13 Plan which provided for full payment of Green Tree's claim of $12,-774.24 at 11 percent interest. This proposal treats Green Tree's claim as fully secured and oversecured. The interest rate proposed by the Smithwicks is the rate of interest which is provided for by Local Rule 3020(d) of the United States Bankruptcy Court for the Southern District of Texas.

The Order Confirming in Part Green Tree's Objection to Confirmation of Chapter 13 Plan and Denying in Part Green Tree's Objections to Confirmation of Chapter 13 Plan provides that prior to the confirmation and effective date of the Debtors' Chapter 13 Plan, Green Tree is entitled to, and the appropriate post-petition rate of interest is, the pre-default contract rate of interest provided for in the Retail Installment Contract. Further, this Order provides that after confirmation of the Smithwicks' Chapter 13 Plan, the appropriate rate of interest post-confirmation is the rate of interest provided for by Local Rule 3020(d), which is 11 percent.

On appeal, Green Tree raises the issue whether the bankruptcy court erred in confirming a Chapter 13 Plan which after the effective date of the Plan provides that the appropriate rate of interest to be paid on Green Tree's oversecured claim is the rate of interest set forth by Local Rule 3020(d),

rather than the Retail Installment Contract's rate of interest.

### III. STANDARD OF REVIEW

This Court has capacity to hear appeals from decisions of a bankruptcy court. *See,* 28 U.S.C. § 158. This Court reviews findings of fact by the bankruptcy court under the clearly erroneously standard and decides issues of law de novo. *Matter of Haber Oil Co., Inc.,* 12 F.3d 426, 434 (5th Cir.1994); *Matter of Killebrew,* 888 F.2d 1516, 1519 (5th Cir.1989). "A finding of fact is clearly erroneous when although there is evidence to support it, the reviewing court on the entire evidence is left with a firm and definite conviction that a mistake has been committed." *Matter of Haber Oil Co., Inc.* 12 F.3d at 434 (citations omitted).

### IV. DISCUSSION

 The Supreme Court has held that 11 U.S.C. § 1325(a)(5)(B)(ii) entitles oversecured creditors to post-confirmation interest. *Rake v. Wade,* 508 U.S. 464, 467–69, 113 S.Ct. 2187, 2190, 124 L.Ed.2d 424 (1993). Section 1325(a)(5)(B)(ii) reads, in relevant part, that the court shall confirm a Chapter 13 Plan if "with respect to each allowed secured claim provided for by the Plan … the value, as of the effective date of the plan, of property to be distributed on account of such claim is not less than the allowed amount of such claim." 11 U.S.C. § 1325(a)(5)(B)(ii). This provision requires that the payments to a secured creditor have a "present value" equal to the creditor's allowed secured claim. *In re Mitchell,* 39 B.R. 696, 700 (Bankr.D.Ore.1984). *See, also, In re Collins,* 167 B.R. 842, 844 (Bankr.E.D.Tex. 1994).

Unfortunately, neither the Bankruptcy Code nor the Supreme Court offer guidance as to the rate of interest which results in the payment of the present value of the secured creditor's allowed secured claim. *In re Jones,* 168 B.R. 146, 150 (Bankr.E.D.Tex. 1994). Not so silent is the case law which has evolved to fill this void, and there is no consensus among the courts on what constitutes an appropriate rate of interest. *See, In re Collins,* 167 B.R. at 844; *River Village Associates,* 161 B.R. 127, 135–36 (Bankr. E.D.Pa.1993), *aff'd,* 181 B.R. 795 (E.D.Pa. 1995); *In re Mitchell,* 39 B.R. at 700. For determining the appropriate interest rate in present value analysis, courts apply various approaches: (1) coerced loan approach; (2) cost of funds approach; (3) risk-free approach; (4) contract rate; (5) judgment rate; (6) treasury bill rate; and (7) local rule rate. *See, In re Rienhardt,* 187 B.R. 433, 435 (Bankr.N.D.N.Y.1995).

 It is important to note that in making "cramdown"[1] interest rate determinations, a bankruptcy court should be accorded substantial deference. *In re Fowler,* 903 F.2d 694, 696 (9th Cir.1990). A bankruptcy court's calculation of the appropriate interest rate is reviewed under the clearly erroneous standard. *Matter of Briscoe Enter., Ltd., II,* 994 F.2d 1160, 1169 (5th Cir.1993), *cert. denied,* 510 U.S. 992, 114 S.Ct. 550, 126 L.Ed.2d 451 (1994); *In re Bryson Properties XVIII,* 961 F.2d 496, 500 n. 5 (4th Cir.1992), *cert. denied,* 506 U.S. 866, 113 S.Ct. 191, 121 L.Ed.2d 134 (1992).

In the matter sub judice, Green Tree argues that since its claim is oversecured, it is entitled, pursuant to 11 U.S.C. § 1325(a)(5)(B)(ii), to its contract rate of interest on post-confirmation payments under the Plan. In an attempt to sustain this contention, Green Tree relies on *Rake v. Wade,* 508 U.S. 464, 113 S.Ct. 2187, 124 L.Ed.2d 424 (1993); *Matter of Laymon,* 958 F.2d 72 (5th Cir.), *cert. denied,* 506 U.S. 917, 113 S.Ct. 328, 121 L.Ed.2d 247 (1992); and *In re Monnier Brothers,* 755 F.2d 1336 (8th Cir.1985). These cases, however, do not address the question presented here. In *Rake, supra,* the Supreme Court avoided the issue as to the appropriate rate for post-confirmation interest under § 1325(a)(5)(B)(ii). Further, in *Matter of Laymon, supra,* the Fifth Circuit held that when an oversecured creditor's claim arises from a contract, the contract provides the rate of post-petition interest under 11 U.S.C. § 506(b). For this

---

**1.** "Cramdown" is the procedure for approving a reorganization plan in the face of creditor resis-

tance. *Matter of Wabash Valley Power Ass'n,* 72 F.3d 1305, 1313 (7th Cir.1995).

reason, *Matter of Laymon, supra*, is distinguishable from the present case, since it does not specifically hold that the contract rate of interest applies post-confirmation, but only post-petition, and since it does not address the issue of what rate of interest applies under § 1325(a)(5)(B)(ii). *Monnier, supra*, is a Chapter 11 case decided by the Eighth Circuit, and consequently, not relevant here.

Although the Fifth Circuit has not addressed the question presented here, the Court is aware of authority contrary to Green Tree's position. First, various courts reject the appropriateness of the contract rate for the purposes of Bankruptcy Code § 1325(a)(5)(B)(ii). *See, e.g., In re Mitchell*, 39 B.R. 696 (Bankr.D.Ore.1984). As stated by the court in *Mitchell, supra*, "a contract rate of interest is not an adequate indicator of current market conditions over an extended period of time. Moreover, a fixed contract rate contains elements of profit and other costs which are inappropriate in a Chapter 13 case." *Id.* at 702. Second, with respect to the present value provision in § 1325(a)(5)(B)(ii), Collier states that "contrary to the holdings of a number of courts, it rarely appropriate to select the rate charged by the debtor in the original transaction as the present value discount rate." 5 Collier on Bankruptcy, ¶ 1325.06, at 1235–51 (15th ed. 1995). Thirdly, the legislative history of § 1325(a)(5)(B)(ii) reveals that Congress considered and rejected an amendment which would require the payment of interest at the contract rate for present value purposes. *In re Collins*, 167 B.R. at 845 n. 4; 5 Collier on Bankruptcy, ¶ 1325.06, at 1325–52 (15th ed. 1995).

In the present case, rather than utilizing the contract rate of interest, the bankruptcy court determined that Green Tree was entitled to receive post-confirmation interest on its secured claim at the rate provided by its Local Rule 3020(d).[2] Other courts have followed this type of approach to determine the appropriate discount rate under § 1325(a)(5)(B)(ii). *See, e.g., In re Wilmsmeyer*, 171 B.R. 61, 62 & 64 (Bankr.E.D.Mo. 1994) (local rule providing that interest paid at *Wall Street Journal* prime rate plus 3.5%).

The record before the Court indicates that the bankruptcy court was persuaded by *Wilmsmeyer, supra*. The court in *Wilmsmeyer* held that the rate set out in the local rules for United States Bankruptcy Court for the Eastern District of Missouri, rather than the contract rate, applies for determining post-confirmation interest on an oversecured creditor's claim under § 1325(a)(5)(B)(ii). In so ruling, the court in *Wilmsmeyer* stated that its local rule "is one of administrative, judicial, and economic convenience; furthermore, [that its local rule's] formula was developed as one which best reflects the time value of money as well as existing market conditions." *Id.* at 63. The Court observes that the forgoing reasoning similarly applies here; Local Rule 3020(d) of the United States Bankruptcy Court for the Southern District of Texas is a rule of administrative, judicial, and economic convenience, and its formula for determining the discount rate properly reflects the time value of money as well as existing market conditions.

■ Further, it is important to note that Appellant chose to participate in Appellee's Chapter 13 bankruptcy proceeding. Appellant's contention that the bankruptcy court erred in confirming a Chapter 13 Plan which after the effective date of the Plan provides that the appropriate rate of interest to be paid on Green Tree's oversecured claim is the rate of interest set forth by Local Rule 3020(d), rather than the Retail Installment Contract's rate of interest, appears to rely on the principle of bankruptcy law that liens pass through bankruptcy proceedings unaffected. *Dewsnup v. Timm*, 502 U.S. 410, 417, 112 S.Ct. 773, 778, 116 L.Ed.2d 903 (1992); *Long v. Bullard*, 117 U.S. 617, 620–21, 6 S.Ct. 917, 918, 29 L.Ed. 1004 (1886). However, "the principle that liens pass through bankruptcy unaffected cannot be taken literally." *Matter of Penrod*, 50 F.3d

---

2. Local Rule 3020(d) provides:

The interest or discount rate on deferred payments made through a confirmed Chapter 13 plan must equal two percent plus the prime rate set in the Money Rates Section of the *Wall Street Journal* on the date the petition initiating the Chapter 13 case was filed.

459, 462 (7th Cir.1995). Liens pass through bankruptcy unaffected "unless they are brought into the bankruptcy proceeding and dealt with there." *Id.* at 463. As noted by the Fifth Circuit,

> A Chapter 13 Plan may by its very nature change the terms of payment and otherwise modify the terms of the debt underlying the lien. Creditors are put on notice of the possibility of these types of modifications by notice of the filing of a Chapter 13 proceeding....

*Matter of Howard,* 972 F.2d 639, 642 (5th Cir.1992). Thus, where, as in the instant case, a lienholder participates in the bankruptcy proceeding, the creditor should know that its lien is likely to be affected, altered, or extinguished. *Penrod,* 50 F.3d at 462–63. Since Green Tree participated in the Chapter 13 proceeding, it should have realized and was put on notice that the confirmed Chapter 13 Plan might alter or modify the terms of payment underlying its lien.

Consequently, the Court concludes that the bankruptcy court's reliance on Local Rule 3020(d) was not clearly erroneous. The bankruptcy court did not err in determining that the appropriate post-confirmation rate of interest is that which is provided for by Local Rule 3020(d).

Accordingly, the Court finds that Appellant has failed to satisfy its burden of showing that the bankruptcy court's findings of fact are clearly erroneous. *Matter of Kennard,* 970 F.2d 1455, 1457 (5th Cir.1992). In addition, following review of the bankruptcy court's conclusions of law, the Court finds them to be correct in light of the bankruptcy court's findings of fact. *Id.* Therefore, since the Court has not been definitely and firmly convinced that a mistake has been committed, *Matter of Sutton,* 904 F.2d 327, 329 (5th Cir.1990), the bankruptcy court's Order Confirming in Part Green Tree's Objection to Confirmation and Denying in Part Green Tree's Objection to Confirmation of Chapter 13 Plan is hereby AFFIRMED.

## V. CONCLUSION

For the forgoing reasons, the bankruptcy court's Order Confirming in Part Green Tree's Objection to Confirmation and Denying in Part Green Tree's Objection to Confirmation of Chapter 13 Plan is hereby AFFIRMED.