251 B.R. 689 (2000)
In re John A. SALTER.
John A. Salter,
v.
Internal Revenue Service.
No. CIV.A. 3:99CV287BN.
United States District Court, S.D. Mississippi, Jackson Division.
March 9, 2000.
*690 John A. Salter, Jackson, MS, pro se.
David N. Usry, U.S. Attorney's Office, Jackson, MS, Marc J. Korab, U.S. Dept. of JusticeTax Division, Washington, DC, for Internal Revenue Service, appellees.

OPINION AND ORDER
BARBOUR, District Judge.
Before the Court is the motion of Appellee to dismiss this bankruptcy appeal. Having considered the motion and Appellant's response, the Court finds that the motion is well taken and should be granted.

I. Background
Appellant's voluntary petition for relief under Chapter 13 of the Bankruptcy Code[1] was dismissed with prejudice on January 28, 1999. The case was dismissed because of Appellant's failure to provide for payment of delinquent taxes in his Chapter 13 reorganization plan. Appellant asserted that he should not have to pay his *691 tax delinquency because the taxes were imposed on him in violation of his right to due process of law and because the Appellee failed to file a proper proof of claim in the bankruptcy proceedings. The bankruptcy court dismissed the case, the second such case filed by Appellant, ruling that res judicata barred Appellant from challenging the validity of the proof of claim filed by Appellee. The proof of claim which Appellant opposed in the present case was the same proof of claim which had been involved in the previous case,[2] which was also dismissed.
On March 1, 1999, Appellant filed a pro se Notice of Appeal along with a "Designation of Record and Statement of Questions and Issues to be Presented on Appeal" pursuant to Rule 8006 of the Bankruptcy Rules. The record was transmitted by the clerk of the bankruptcy court to the clerk of this court, as required by Rule 8007 of the Bankruptcy Rules, on April 26, 1999. The appeal was entered on the docket that day. However, it is not clear whether the clerk ever gave notice to all parties in interest that the record had been received. Such notice is required by Rule 8007. Court records indicate that a letter was mailed to all counsel of record, presumably including the pro se Appellant, the same day the record was received. However, as no copy of this letter appears in the record, the contents of the letter are unknown. At any rate, on January 11, 2000, the clerk issued a memorandum to all counsel of record, again presumably including Appellant, which noted an inadvertent failure to send the notice required by Rule 8007. That memorandum served as the required notice.
On February 1, 2000, Appellee filed the present motion to dismiss arguing that the appeal should be dismissed for failure to prosecute due to Appellant's failure to file a brief as required by Rule 8009.[3]

II. Discussion
Rule 8009(a)(1) of the Bankruptcy Rules requires the appellant in a bankruptcy appeal to file a brief with the district court "within 15 days after entry of the appeal on the docket pursuant to Rule 8007," unless the district court alters this requirement by local rule, which this Court has not done. Rule 8001(a) allows the district court to dismiss an appeal if the appellant fails to take any step required under the rules for proper prosecution of an appeal. The United States Court of Appeals for the Fifth Circuit has affirmed dismissals of bankruptcy appeals when the appellant failed to file a brief within the required 15 days. See International Brotherhood of Teamsters v. Braniff Airways, Inc., 774 F.2d 1303 (5th Cir.1985); Pyramid Mobile Homes, Inc. v. Speake, 531 F.2d 743 (5th Cir.1976).
This Court has liberally construed all of Appellant's pleadings because he is acting pro se. However, even liberally construing the documents Appellant filed between April 1999 and February 1, 2000, the date the motion to dismiss was filed, the Court finds that none of them suffice as briefs. Those filings were not apparently intended to serve as briefs, nor are they adequate to serve as such. Moreover, they do not meet the form requirements for briefs contained in Rule 8010.[4]
Therefore, as of February 1, 2000, Appellant had not filed a brief as required by Rule 8009. The plain language of Rule 8009(a)(1) states that the appellant has 15 days from the date the clerk of the district court enters the appeal on the docket to file his brief. Arguably, therefore, Appellant had 15 days from April 26, 1999, the *692 date the appeal was entered on the docket, in which to file his brief, even though he may not have received notice of the entry until some eight months later. However, Appellee gave Appellant every benefit of doubt by not filing its motion to dismiss until February 1, 2000, which was more than 15 days after the parties received notice from the clerk of this court that the appeal had been docketed. Therefore, even if the 15 days for filing under Rule 8009(a)(1) did not begin to run until that notice was given, Appellant failed to file his brief within the required period of time.
This bankruptcy appeal has been pending for almost one year, and it is clear to the Court that Appellant's failure to file a brief was a dilatory tactic. Even though Appellant is acting pro se, he was clearly aware of the Bankruptcy Rules and was, therefore, aware, or should have been aware, that a brief was due. The rules of procedure and the rules governing bankruptcy proceedings apply equally to everyone. Whatever flexibility Appellant may be entitled to due to his pro se status, the Appellee should not be penalized in its defense of the appeal because Appellant chose to proceed pro se. The Court accordingly finds that the motion of Appellee to dismiss should be granted for Appellant's failure to prosecute the appeal.
Alternatively, this appeal may be dismissed on the merits. In a bankruptcy appeal, the applicable standard of review by a district court is the same as when the Court of Appeals reviews a district court proceeding. See 28 U.S.C. § 158(c); In re Killebrew, 888 F.2d 1516, 1519 (5th Cir. 1989). Findings of fact by the bankruptcy courts are to be reviewed under the clearly erroneous standard. Id.; see also Bankr. Rule 8013. Conclusions of law are reviewed de novo. In re Kennard, 970 F.2d 1455, 1457-58 (5th Cir.1992); In re Hammons, 614 F.2d 399, 403 (5th Cir.1980).
The bankruptcy court dismissed Appellant's bankruptcy case under the doctrine of res judicata. The doctrine of res judicata bars a plaintiff from relitigating claims that have already been adjudicated. See Nilsen v. City of Moss Point, 701 F.2d 556 (5th Cir.1983). Moreover, the doctrine applies to bar not only those matters actually decided previously, but also those issues that could have been raised, but were not. Heiser v. Woodruff, 327 U.S. 726, 735, 66 S.Ct. 853, 857, 90 L.Ed. 970, 977 (1946). For the doctrine to apply, the following four requirements must be met: "(1) the parties must be identical in the two actions; (2) the prior judgment must have been rendered by a court of competent jurisdiction; (3) there must be a final judgment on the merits; and (4) the same cause of action must be involved in both cases." Eubanks v. FDIC, 977 F.2d 166, 169 (5th Cir.1992). However, with respect to the final requirement, the Fifth Circuit has stated that "the critical issue is not the relief requested or the theory asserted but whether the plaintiff bases the two actions on the same nucleus of operative facts." Agrilectric Power Partners, Ltd. v. General Electric Co., 20 F.3d 663, 665 (5th Cir.1994).
The present appeal involves the second bankruptcy case involving the same parties. Appellee presented the same proof of claim, covering the same tax years, in both cases. The first case[5] was dismissed for Appellant's failure to provide for payment of his tax delinquency in his reorganization plan. In that first case, after a hearing on the bankruptcy trustee's objection to confirmation of Appellant's plan, the bankruptcy court overruled Appellant's objection to the proof of claim filed by Appellee and sustained the trustee's objection to confirmation. Appellant appealed that decision, which was affirmed by the district court[6] and the court of *693 appeals.[7] Appellant even appealed to the United States Supreme Court and was denied certiorari.[8]
Accordingly, the elements of res judicata are met in the present case. When Appellant, for the second time, failed to provide for payment of his tax delinquency in his reorganization plan, the bankruptcy court correctly dismissed the case. The validity of the proof of claim and the legality of the tax delinquency which the proof of claim represented, was an issue that could have been, and should have been, and apparently was litigated in the first case.

III. Conclusion
For all the foregoing reasons:
IT IS THEREFORE ORDERED that this bankruptcy appeal be dismissed with prejudice.
A final judgment in accordance with Rule 58 of the Federal Rules of Civil Procedure will be entered this day.
NOTES
[1] Bankruptcy Case No. 97-02752-JEE.
[2] Bankruptcy Case No. 93-03892-JEE.
[3] Appellant did eventually file a brief, but only after Appellee filed its motion to dismiss.
[4] The fact that Appellant filed a brief which is in proper form after Appellee filed its motion to dismiss clearly indicates that Appellant was, and is, aware of the Bankruptcy Rules and their requirements. Despite his awareness of the rules, he asks the Court to relax the application of those rules to him due to the fact he is acting pro se.
[5] Bankruptcy Case No. 93-03892-JEE.
[6] Salter v. United States (In re Salter), No. 3:94CV577BrN, 1995 WL 723178 (S.D.Miss. Sept. 26, 1995).
[7] Salter v. IRS, 96 F.3d 1444 (5th Cir.1996) (table).
[8] Salter v. Richardson, 519 U.S. 1133, 117 S.Ct. 996, 136 L.Ed.2d 876 (1997)(memorandum).