**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 25, 2009

Charles R. Fulbruge III
Clerk

No. 08-60185

IN THE MATTER OF: SKUNA RIVER LUMBER, LLC,

Debor

BORREGO SPRINGS BANK, N.A.

Appellant

v.

SKUNA RIVER LUMBER, L.L.C.

Appellee

Appeal from the United States District Court
for the Northern District of Mississippi

Before GARWOOD, GARZA, and OWEN, Circuit Judges.

GARWOOD, Circuit Judge:

Borrego Springs Bank, N.A. (Borrego) appeals the district court's judgment upholding the bankruptcy court's order surcharging and imposing a judicial lien on property that Borrego had previously purchased at a bankruptcy court ordered auction sale by a credit bid from the bankruptcy estate of its debtor, appellee Skuna River Lumber, L.L.C. (Skuna). In addition to affirming the surcharge and the imposition of the lien, the district court expressly authorized the bankruptcy court *sua sponte* to enter a personal judgment against Borrego.

We review the district court's judgment by applying the same standards of review to the bankruptcy court's decision as applied by the district court. *In re Kennard*, 970 F.2d 1455, 1457 (5th Cir. 1992). We review the bankruptcy court's findings of fact for clear error and its conclusions of law *de novo*. FED. R. BANKR. P. 8013; *Kennard*, 970 F.2d at 1457–1458.

Skuna obtained a $2.4 million loan from Borrego to operate a lumber mill in Bruce, Mississippi and later filed for bankruptcy. Unable to acquire capital to continue its business, Skuna hired Equity Partners, Inc. (EPI) to sell substantially all of its assets at auction. The bankruptcy court on April 14, 2006 approved this arrangement in an order specifically stating that EPI would have the right to seek compensation and that "[a]ny commission, fee and/or reimbursement of EPI on the Debtor's property sold and/or for the marketing costs advanced by EPI is reserved for later argument under applicable law, including 11 U.S.C. § 506(c)."[1] Likewise on April 14, 2006, the bankruptcy court also issued a separate order establishing the procedures (including the use of credit bids) to be followed at the auction, which would take place June 15, 2006, and providing that all of Skuna's assets would be sold "free and clear of liens, claims, encumbrances to a p[ro]spective successful bidder at the auction with any liens, claims and encumbrances attaching to the proceeds."

Although EPI advertised broadly and was able to attract numerous third-party bidders, ultimately at the June 15 auction Borrego's "credit bid" of $705,000 for all of the bankruptcy estate's assets prevailed.[2] As the amount of

---

[1] 11 U.S.C. § 506(c) provides: "(c) The trustee may recover from property securing an allowed secured claim the reasonable, necessary costs and expenses of preserving, or disposing of, such property to the extent of any benefit to the holder of such claim, including the payment of all ad valorem property taxes with respect to the property."

[2] "Credit bidding" is a concept provided for in section 363(k) of the United States Bankruptcy Code, which states: "At a sale . . . of property that is subject to a lien that

the outstanding debt to Borrego exceeded the credit bid, the bankruptcy estate received no cash or tangible proceeds from the sale. The bankruptcy court approved the June 15 sale in its July 24, 2006 "Order Approving Motion to Sell Substantially All of the Assets of the Debtor-in-Possession, Free and Clear of Liens, Claims and Interests, with Proceeds of Sale Attaching to Liens, Outside the Ordinary Course of Business." The July 24, 2006 order states "This is a Final Judgment and Order as contemplated by the applicable Federal Rules of Bankruptcy Procedure." On August 28, 2006, Skuna executed and delivered the Warranty Deed and Bill of Sale conveying substantially all of its assets to Borrego.

Thereafter, EPI sought reimbursement for its expenses and payment for its efforts in performing the sale. On September 22, 2006, the bankruptcy court granted EPI's application for $28,901.04 compensation over Borrego's objections. The bankruptcy court in its September 22, 2006 order surcharged the "assets of the debtor's bankruptcy estate" purportedly pursuant to section 506(c) of the Bankruptcy Code and secured payment thereof by expressly impressing a judicial lien upon those assets. However, those assets consisted of the property already conveyed to Borrego free and clear of liens and encumbrances nearly one month before. Borrego contends that the bankruptcy court had no jurisdiction over the assets when it surcharged them and impressed the judicial lien thereon. We agree.

Generally, administrative expenses such as those incurred in the sale here are satisfied out of unencumbered assets in the bankruptcy estate. *See In re Delta Towers, Ltd.*, 924 F.2d 74, 76 (5th Cir. 1991). However, section 506(c) of

secures an allowed claim, . . . if the holder of such claim purchases such property, such holder may offset such claim against the purchase price of such property." 11 U.S.C. § 363(k).

3

the Bankruptcy Code provides an exception to this general rule that allows administrative expenses to be surcharged against a creditor's collateral: "The trustee may recover from property securing an allowed secured claim the reasonable, necessary costs and expenses of preserving, or disposing of, such property to the extent of any benefit to the holder of such claim." 11 U.S.C. § 506(c). This procedure, however, only applies to assets held within the bankruptcy estate.

Although this court has never explicitly addressed the issue, we agree with the Seventh Circuit that when property is transferred out of a bankruptcy estate free and clear of all liens, the bankruptcy court ceases to have jurisdiction over that property. *See, e.g., In re Edwards*, 962 F.2d 641, 643 (7th Cir. 1992); *see also In re Xonics, Inc.*, 813 F.2d 127, 131 (7th Cir. 1987). Once the assets are sold unencumbered from the estate, they are no longer "property securing an allowed secured claim," are not property of the estate, and therefore may not be surcharged under section 506(c).

Skuna acknowledges the general rule that a bankruptcy court loses jurisdiction over assets once they are transferred from the bankruptcy estate. Nevertheless, Skuna asserts that the bankruptcy court retained jurisdiction over the property by virtue of the ongoing adversary proceeding adjudicating the priority and validity of Borrego's claims in relation to Skuna's other creditors. We disagree. Again, we are persuaded by the reasoning of the Seventh Circuit, which addressed a similar situation in *In re Edwards*, a case in which a creditor sought to rely on an adversary proceeding as a means of reviving the court's jurisdiction over property already sold from the estate:

> "The adversary complaint could not invoke the jurisdiction of the bankruptcy court. [The creditor] was seeking a determination of its right to property that had passed outside that court's control when the property was sold free and clear of all liens. Since the property

4

was no longer part of the bankrupt estate and since a determination of rights to it would not affect any dispute by creditors over property that was part of the bankruptcy estate, the bankruptcy court had no jurisdiction to determine rights to the property."

962 F.2d at 643. Similarly, in this case, the bankruptcy court's jurisdiction over the adversary proceeding could not serve to revive its jurisdiction over property that had already been sold and conveyed from and out of the bankruptcy estate.

If the bankruptcy court wished to retain jurisdiction over the property, it should have withheld approval of the sale pending Borrego's payment of EPI's fees (or perhaps provided that any property acquired by credit bid would be conveyed subject to lien securing applicable EPI auction fees). Instead, the court issued an order approving the sale of the assets "Free and Clear of Liens, Claims and Interests, with Proceeds of Sale Attaching to Liens." Thus, the bankruptcy court only retained jurisdiction over the proceeds of the sale, which, unfortunately for EPI, in this instance only amounted to a reduction in debt. As such, the bankruptcy court had no authority under section 506(c) to surcharge the property purchased by Borrego from the bankruptcy estate or to impress a judicial lien upon that property.

In addition to affirming the bankruptcy court's surcharge and lien, the district court *sua sponte* also purported to authorize the bankruptcy court to enter a personal judgment against Borrego. Except in limited circumstances not applicable in this case, this circuit follows the general rule that, in the absence of a cross-appeal, an appellate court has no jurisdiction to modify a judgment so as to enlarge the rights of the appellee or diminish the rights of the appellant.[3]

---

[3]We have recognized a limited exception whereby an appellate court in an *in forma pauperis* proceeding (in which the defendant has not been served and was not before the district court) may modify a district court's dismissal of a malicious or frivolous claim without prejudice to a dismissal with prejudice, even in the absence of a cross-appeal.

*See, e.g., Kelly v. Foti*, 77 F.3d 819, 822 (5th Cir. 1996); *see also Morley Constr. Co. v. Md. Cas. Co.*, 57 S.Ct. 325, 327–28 (1937). The district court was functioning as an appellate court when it reviewed the decision of the bankruptcy court. Skuna did not cross-appeal the bankruptcy court's judgment in order to request that a personal judgment be entered against Borrego; therefore, the district court had no jurisdiction to authorize that relief. Upon remand, Skuna may very well seek a personal judgment, and the bankruptcy court may see fit to grant that request, and we here make no holding and express no views on such matters. Nevertheless, the district court exceeded its power in authorizing that remedy of its own accord.

We hold that the bankruptcy court committed error when it surcharged and impressed a lien upon property that had previously been transferred from the bankruptcy estate free and clear of all liens. The bankruptcy court had no jurisdiction to take such action. Consequently, the district court erred in affirming the bankruptcy court's order effecting the surcharge and lien. Moreover, the district court erred in purporting to authorize the bankruptcy court to enter a personal judgment against Borrego when Skuna did not file a cross-appeal requesting that relief.

Therefore, we REVERSE the judgment of the district court in so far as it affirms the bankruptcy court's surcharging and impressing a lien upon the property conveyed to Borrego. Furthermore, we VACATE the district court's judgment to the extent that it purports to authorize the bankruptcy court to enter a personal judgment against Borrego. Finally, we REMAND the case to the bankruptcy court for further proceedings not inconsistent with this opinion.

REVERSED in part; VACATED in part; and REMANDED

---

*Marts v. Hines*, 117 F.3d 1504, 1506 (5th Cir. 1997).